STEPHEN A. SCOTT (SBN 67467)
sscott@hayesscott.com
VIVIAN V. COUNTRYMAN (SBN 231223)
vcountryman@hayesscott.com
HAYES SCOTT BONINO
ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Suite 480
Redwood Shores, California  94065
Telephone:  650.637.9100
Facsimile:  650.637.8071

Attorneys for Defendant IC Systems, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI GARCIA,<br><br>            Plaintiff,<br><br>      v.<br><br>IC SYSTEM, INC.,<br><br>            Defendant. | CASE NO.  2:09-CV-02567 MCE EFB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |

Defendant IC SYSTEM, INC. ("IC") and plaintiff TERRI GARCIA ("Garcia") by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, the parties to this proceeding anticipate that during the course of the above-captioned litigation, the parties will produce or provide documents and information which one or more parties contend contain trade secrets or other sensitive, confidential or proprietary information; and,

WHEREAS, the parties to this proceeding wish to protect the confidentiality of such documents and information and to ensure that the parties can obtain and pursue discovery with the minimum of delay and expense;

IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:

PDF created with pdfFactory trial version www.pdffactory.com

1. In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, including compilations, summaries, testimony, or presentations by parties or counsel to or in court as "Confidential" under the terms of this Stipulated Protective Order.

2. "Confidential Information" is that which any party reasonably believes has not lawfully been made public and which concerns or relates to the training manuals, processes, objectives, strategies, plans, advertising, methodologies, procedures, operations, type of work, products, services, sales, purchases, transfers, identification of customers, customer information, credit agreements, policies, amount or source of income, costs, profits, losses, financial information, business forecasts, or expenditures of any person, firm, partnership, corporation, or other organization, if the disclosure of such information has the effect of causing harm or potential harm to the competitive position or privacy rights of the person, firm, partnership, corporation, or to the organization from which the information was obtained or of third parties, including but not limited to persons transacting business with any of the parties to this action.

3. Documents that are confidential under this Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "CONFIDENTIAL" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "CONFIDENTIAL" legend for purposes of substitution of the original documentation, and all parties shall use their best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

   (a) The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as Confidential Information as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the producing party shall provide counsel for the other parties with a duplicate copy bearing the legend "CONFIDENTIAL,"  whereupon the unmarked copies will be returned or destroyed.

   (b) The designation of information as "CONFIDENTIAL" shall not be construed as a concession by the designating party or any non-designating party that such matter is relevant or material to any issue in this action.

  4. Portions of transcripts of depositions in which any Confidential Information is quoted, paraphrased, discussed or referred to, or in which the subject matter covered by any Confidential Information is discussed or referred to, shall be subject to the same confidential treatment as provided herein for the underlying Confidential Information and shall be designated as confidential.  The court reporter will include in the transcripts the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," on all pages that have been designated as containing Confidential Information, and all deposition exhibits that contain or constitute Confidential Information shall be attached to the transcript separately in a sealed envelope containing the following notice:  'CONFIDENTIAL---SUBJECT TO PROTECTIVE ORDER," together with a cover sheet stapled to the sealed envelope containing the case caption, signature of counsel for the party presenting the Confidential Information and a list of the title(s) of the documents containing Confidential Information.  Requests for such confidential treatment may be made at the deposition or at the latest within thirty (30) days after receipt of a transcript thereof.  All transcripts of depositions shall be treated as confidential for at least that 30 day period.

  5. Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only by the parties to this action for purposes of resolution of the claims asserted in this action, any trial and appeal of this action, and enforcement of any award or judgment thereon.  Information designated as "CONFIDENTIAL" under this Order, and any summaries, copies, abstracts, or other

PDF created with pdfFactory trial version www.pdffactory.com

documents derived in whole or in part from information, designated as confidential, shall be used only by the parties to this action, for the purpose of the prosecution, defense or settlement of the claims asserted in this action, any pre-trial, trial, re-trial and appeal of this action and the enforcement of any award or judgment based on such claims, and for no other purpose and only in accordance with the provisions of this Order.  Confidential Information shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes whatsoever.  All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing the same to any other person, including their clients, and from using the Confidential Information, except as provided herein.

6. Confidential Information, produced pursuant to this Order may be disclosed, summarized, described or made available only to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), to a trier of fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons."  A Qualified Person is a person who falls into one of the categories set forth below:

(a) a party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action, provided that such consultants or experts execute the form attached hereto as Exhibit A prior to receiving Confidential Information;

(c) witnesses testifying at deposition or at the hearing of this matter either during their testimony or in preparation therefore, provided that such persons, consultants or experts execute the form attached hereto as Exhibit A prior to receiving Confidential Information;

(d) court reporters employed in this action;

(e) any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any party in this proceeding; and

(f) any other person ordered by the Court or as to whom all parties in writing

PDF created with pdfFactory trial version www.pdffactory.com

agree;

(g) court personnel, including court reporters, and any special master or mediator appointed by the court or the parties, and The Court; and

(h) any independent document production services or document recording and retrieval services.

Any person or entity to whom Confidential Information is disclosed pursuant to Subparagraphs (a)-(f), above, shall, prior to receiving such Confidential Information, be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in **Exhibit A** hereto, such forms to be maintained by counsel for the party sharing Confidential Information and undertaking to have such forms executed.

If any Confidential Information is filed with the Court as part of a motion, brief, or other pleading, that information shall be filed separately in a sealed envelope containing the following notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," together with a cover sheet stapled to the sealed envelope containing the case caption, signature of counsel for the party presenting the Confidential Information and a list of the title(s) of the documents containing Confidential Information.

At any hearing or proceeding in which any document covered by this Order is referred to, revealed or discussed, either party may requires that the hearing or proceeding be conducted in chambers. Any records made of such proceedings shall also be sealed until further order of the Court, if any.

7. On the request of any party, any person who is not a Qualified Person shall be excluded from any deposition during the period in which Confidential Information is used, referred to or discussed.

PDF created with pdfFactory trial version www.pdffactory.com

8. The restrictions set forth in this Stipulation and Order shall not:

(a) apply to any discovery matter which a party can show was lawfully possessed, obtained or developed by it other than through discovery in this action;

(b) apply to any information which lawfully is or lawfully becomes public knowledge, not in violation of this Stipulation and Order;

(c) operate as an admission by the recipient that any of the information contains or reflects confidential information;

(d) prejudice in any way the right of any party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

(e) prejudice in any way the right of any party or non-party to seek a determination from the Court as to whether particular information shall be produced;

(f) prevent the parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any information;

(g) limit in any way the use to which information may be put by the producing party or non-party;

(h) prejudice in any way the right of any party or non-party to seek such additional or other protection as that party may deem appropriate with regard to the confidentiality of the information;

(i) be construed to require any party to produce information that it considers privileged or otherwise not subject to discovery; and

(j) be deemed a waiver of any objections a party otherwise would have to any discovery request propounded in this action or a waiver of any third party's claim to right of privacy.

9. This Order shall be without prejudice to the right of any party at any time after information designated Confidential Information to file a motion with the Court: (i) to challenge the designation of any particular document or information as confidential or whether its use should be restricted, provided such party has first made a good-faith attempt to resolve such question with the designating party; or (ii) seek a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The Order shall not be deemed to prejudice the parties in any way in any future application for modifications of this Order. The burden of establishing that any information designated as Confidential Information meets the definition set forth in paragraph 2 or paragraph 8 above shall be on the party which seeks to uphold

-6-
**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

254642

PDF created with pdfFactory trial version www.pdffactory.com

the designation.  Any information or documents designated as Confidential Information which are subject to motion pursuant to the paragraph shall be treated as Confidential Information in accordance with the terms of this Stipulation and Order until such time as the Court rules otherwise.

10. All documents produced in this proceeding shall be used by the party to whom such documents are produced solely for purposes of the resolution of the claims asserted in this action, any pre-trial, trial, re-trial and appeal of this action and the enforcement of any award thereon and for no other purpose.

11. This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any Confidential Information or have the effect of creating and new obligation or altering any existing obligation of any party.   Counsel for parties agree to meet and confer and to attempt in good faith to resolve any disputes that may arise concerning the proper interpretation or application of this Order.  If a party disputes the designation of documents or information as confidential, counsel, the parties and any one who has obtained the documents or information or copies thereof in accordance with the terms of this Order, shall maintain the documents or information as confidential in accordance with the terms of this Order, until the designating party agrees in writing that the documents or information is not confidential and removes the designation. If the parties are unable to resolve a dispute concerning the designation of documents or information as confidential, the parties may file and serve a motion under Code of Civil Procedure Section 20331.060 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has

-7-

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

complied with the meet and confer requirements imposed and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue as to whether or not the documents or information may be designated as confidential. Any documents or information subject to such review by the court will remain confidential in accordance with the terms of this Order until such time as the Court rules otherwise.

Nothing in this Order shall prevent any party from seeking modification to this Order or from presenting a motion for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.

This Order shall in no way affect or impair the right of any party to compel discovery or to seek additional or different protection for Confidential Information, or to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery of such Confidential Information or to the use, relevance or admissibility of the Confidential Information at trial or in any other proceeding in the trial court or on appeal.

12. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to enforce, construe or modify its terms. Within forty-five (45) days following final disposition of this action, counsel for the parties shall assemble and return to each other all Confidential Information, including all copies of same, or (by mutual agreement only) shall certify the destruction thereof, except Counsel shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court and (ii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Stipulation and Order.

13. This Order may be executed in counterparts, all of which together shall be one instrument and all of which shall be considered an original document to be forwarded to the Court

PDF created with pdfFactory trial version www.pdffactory.com

for execution.

14.  If Confidential Information is at any time subpoenaed or demanded by any person or entity not a party to this Stipulation and Order from a person bound by this Stipulation and Order, the person to whom the subpoena or demand is directed shall use his or its best efforts not to disclose such material without first giving the producing party written notice of, and a reasonable opportunity to oppose the subpoena or demand.  Nothing in this Stipulation and Order shall:  (a) preclude any party from issuing or serving in any other action or proceeding any subpoena or demand for documents or information that may have been designated as Confidential Information in this proceeding; (b) affect the rights of the responding party to object to such production; or, (c) otherwise limit or affect the rights of any person or party to seek or oppose discovery in any other proceeding.

15.  Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

IT IS SO STIPULATED:

DATED:  March 23, 2010                  KROHN & MOSS, LTD.

                                             By: /s/ Michael S. Agruss_____
                                                 Michael S. Agruss
                                                 Attorney for Plaintiff

DATED:  March 23, 2010                  HAYES SCOTT BONINO ELLINGSON & MCLAY, LLP

                                             By:/s/ Stephen A. Scott_____
                                                 Stephen A. Scott
                                                 Attorney for Defendant

**<u>ORDER</u>**

Pursuant to the stipulation between the parties as set forth above, and good cause appearing, IT IS SO ORDERED.

Dated: March 25, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

254642

-10-

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

PDF created with pdfFactory trial version www.pdffactory.com